# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CAUSE NO.: 2:04-MJ-129 |
| | ) | |
| | ) | Hearing of 09/13/04 |
| | ) | |
| vs. | ) | CHARGE: Possession With Intent To Distribute Cocaine; Conspiracy To Distribute Cocaine And Using A Communication Device To Facilitate A Drug Felony; Aiding And Abetting |
| | ) | 21 U.S.C. § 841(a)(1) |
| CHARLES "DUKE" TANNER, | ) | 21 U.S.C. § 846 |
| Defendant. | ) | 18 U.S.C. § 843(b) |
| | ) | 18 U.S.C. § 2 |

**ORDER OF DETENTION**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

**PART I -- FINDINGS OF FACT**

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) **and** has been convicted of a ___ (federal offense)(and)(or) ___ (state or local offense) that is:
 ☐ a crime of violence as defined in 18 U.S.C. 3156(a)(4); -or-
 ☐ an offense for which the maximum sentence is life imprisonment or death; -or-
 ☐ an offense for which the maximum term of imprisonment of ten (10) years or more is prescribed in

  ☐ The Controlled Substances Act (21 U.S.C. § 801 *et seq*.);
  ☐ The Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq*.); or
  ☐ The Maritime Drug Law Enforcement Act (46 U.S.C. App. § 1901 *et seq*.).

-or-

 ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five (5) years has elapsed since the _____ (date of conviction) (or) _____ (release of defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

**ALTERNATE FINDINGS (A)**

☒ (1) There is probable cause to believe that the defendant has committed an offense

 ☒ for which a maximum term of imprisonment of ten (10) years or more is prescribed in

  ☒ The Controlled Substances Act (21 U.S.C. § 801 *et seq*.);
  ☐ The Controlled Substances Import and Expert Act (21 U.S.C. § 951 *et seq*.);
  ☐ The Maritime Drug Law Enforcement Act (46 U.S.C. App. § 1901 *et seq*.); or

1

|   |   | ☐ | An offense under Section 924(c), 956(a) or 2332 (b) of Title 18, United States Code. |
|---|---|---|---|
| ☒ | (2) | | The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community. |

## ALTERNATE FINDINGS (B)

☐ (1) There is a serious risk that the defendant will not appear.
☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## PART II – WRITTEN STATEMENT OF REASONS FOR DETENTION

☐ I find that the credible testimony and information submitted at the hearing establishes by a preponderance of the evidence that defendant poses a risk of non-appearance because


☒ I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that the defendant presents a danger to the community because

1) Of the nature and circumstances of the offense(s) charged
2) The weight of the evidence against the Defendant
3) The evidence is that he has a history of multiple purchases of cocaine in very large amounts for very substantial purchase prices including four purchases by him over the past several weeks totaling approximately 36 kilograms of cocaine at a purchase price of approximately $19,000.00 per kilogram (amounts of cocaine so large as to not be for personal use but for distribution to other persons)
4) The evidence is that in September 2004 he attempted to purchase at one time what he thought to be approximately 15 kilograms of cocaine for approximately $18,500.00 per kilogram (an amount of cocaine so large as to not be for personal use but for distribution to other persons)
5) The evidence is that he has had at least two alternate suppliers of very large amounts of cocaine to him for purchase other than Erbey Solis, Jr. as a supplier

These reasons are supported by the Pretrial Services Report prepared on this defendant.

☐ The defendant stipulated at hearing to the assessment _____ of nonappearance (and) _____ of danger contained in the Pretrial Services Report and agreed to enter federal detention until disposition of this case.

After consideration of the factors under 18 U.S.C. § 3142(g), the Court finds that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.

## PART III – DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Entered this 13th day of September 2004.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT