UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CAUSE NO: 2:04 CR 80 RL |
| CHARLES TANNER, also known as ("aka") | ) | |
| "DUKE," "LITTLE DUDE," "JIGGA | ) | |
| MAN," "CHAMP," "I GOT NEXT;" | ) | |
| ERBEY SOLIS, JR.; | ) | |
| ARNULFO RODRIGUEZ CASTELLANOS, aka | ) | |
| "GUERO;" | ) | |
| LASHAWN TANNER, aka "BEES," "FATS;" | ) | |
| ARTHIA LAMONT TANNER, aka "LEE | ) | |
| BABY," "LEE," "BABY," | ) | |
| "BARRY WHITE;" | ) | |
| WARREN MOORE, aka "PUMPKIN," | ) | |
| "P-DOGG;" | ) | |
| LANCE FOSTER, aka "SMURF;" | ) | |
| AARON WRIGHT, aka "MIGHTY MAN;" | ) | 18 U.S.C. § 2 |
| LEON WALKER, JR., aka "JODI;" | ) | 18 U.S.C. § 922(g)(1) |
| HENRIETTA ROLLINS, aka "HANKY;" | ) | 18 U.S.C. § 924(d) |
| LARRY SCOTT, aka "SCOTTY," | ) | 21 U.S.C. § 841(a)(1) |
| "SCOTTY G," "BLACK;" | ) | 21 U.S.C. § 843(b) |
| LETRIAL THOMAS, aka "TREY DUECE," | ) | 21 U.S.C. § 846 |
| "TREY DUKE;" | ) | 21 U.S.C. § 853 |
| LENELL SHEARRY, aka "NELL;" and | ) | 21 U.S.C. § 856(a)(1) |
| BRANDON BOOSE | ) | |

## <u>S U P E R C E D I N G   I N D I C T M E N T</u>

**THE GRAND JURY CHARGES:**

### COUNT ONE

From at least June 2004, the exact date being unknown to the Grand Jury, and

continuing into at least September 2004, both dates being approximate and inclusive, in

the Northern District of Indiana and elsewhere,

CHARLES TANNER, aka "DUKE,"
"LITTLE DUDE," "JIGGA MAN," "CHAMP," "I GOT NEXT;"
ERBEY SOLIS, JR.; and
ARNULFO RODRIGUEZ CASTELLANOS, aka "GUERO;"

defendants herein, did knowingly and intentionally combine, conspire, confederate, and

agree together with each other, and with other persons known and unknown to the Grand

Jury, to commit certain offenses against the United States, to wit: to knowingly and

intentionally possess with intent to distribute and distribute 5 kilograms or more of a

mixture and substance containing detectable amounts of cocaine, a Schedule II narcotic

controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);

All in violation of Title 21, United States Code, Section 846.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT TWO

From at least January 1993, the exact date being unknown to the Grand Jury, and continuing into at least October 2004, both dates being approximate and inclusive, in the Northern District of Indiana and elsewhere,

CHARLES TANNER, aka" "DUKE," "LITTLE DUDE," "JIGGA MAN,"
"CHAMP," "I GOT NEXT;"
ERBEY SOLIS, JR.;
LASHAWN TANNER, aka "BEES," "FATS;"
ARTHIA LAMONT TANNER, aka "LEE BABY," "LEE," "BABY,"
"BARRY WHITE;"
WARREN MOORE, aka "PUMPKIN," "P-DOGG;"
LANCE FOSTER, aka "SMURF;"
AARON WRIGHT, aka "MIGHTY MAN;"
LEON WALKER, JR., aka "JODI;"
HENRIETTA ROLLINS, aka "HANKY;"
LARRY SCOTT, aka "SCOTTY," "SCOTTY G," "BLACK;"
LETRIAL THOMAS, aka "TREY DUECE," "TREY DUKE;"
LENELL SHEARRY, aka "NELL;" and
BRANDON BOOSE;

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree together with each other, and with other persons known and unknown to the Grand Jury, to commit certain offenses against the United States, to wit: to knowingly and intentionally possess with intent to distribute and distribute 50 grams or more of a mixture and substance containing detectable amounts of cocaine base, commonly known as "crack," a Schedule II narcotic controlled substance in violation of Title 21, United States Code, Section 841(a)(1); to knowingly and intentionally possess with intent to distribute

3

and distribute 5 kilograms or more of a mixture and substance containing detectable amounts of cocaine, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); and to knowingly and intentionally possess with intent to distribute and distribute a quantity of a mixture and substance containing detectable amounts of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);

All in violation of Title 21, United States Code, Section 846.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT THREE

On or about September 1, 2004, in the Northern District of Indiana,

CHARLES TANNER, aka "DUKE,"
"LITTLE DUDE," "JIGGA MAN," "CHAMP," "I GOT NEXT,"

defendant herein, did knowingly and intentionally attempt to possess with intent to distribute 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);

All in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT FOUR

On or about August 31, 2004, in the Northern District of Indiana,

ARNULFO RODRIGUEZ CASTELLANOS, aka "GUERO,"

defendant herein, did knowingly and intentionally distribute 500 grams or more of a

mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic

controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT FIVE

On or about March 26, 2004, in the Northern District of Indiana,

AARON WRIGHT, aka "MIGHTY MAN,"

defendant herein, did knowingly and intentionally distribute a quantity of a mixture and

substance containing a detectable amount of cocaine base, commonly known as "crack," a

Schedule II narcotic controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT SIX

On or about November 19, 2003, in the Northern District of Indiana,

AARON WRIGHT, aka "MIGHTY MAN,"

defendant herein, did knowingly and intentionally distribute a quantity of a mixture and

substance containing a detectable amount of cocaine base, commonly known as "crack," a

Schedule II narcotic controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT SEVEN

On or about June 1, 2004, in the Northern District of Indiana,

LANCE FOSTER, aka "SMURF;" and
BRANDON BOOSE;

defendants herein, did knowingly and intentionally distribute 50 grams or more of a

quantity of a mixture and substance containing a detectable amount of cocaine base,

commonly known as "crack," a Schedule II narcotic controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18,

United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT EIGHT

On or about July 27, 2004, in the Northern District of Indiana,

**ARTHIA LAMONT TANNER, aka "LEE BABY," "LEE," "BABY,"
"BARRY WHITE,"**

defendant herein, did knowingly and intentionally distribute a quantity of a mixture and

substance containing a detectable amount of cocaine, a Schedule II narcotic controlled

substance;

All in violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT NINE

On or about June 24, 2004, in the Northern District of Indiana,

ARTHIA LAMONT TANNER, aka "LEE BABY," "LEE," "BABY,"
"BARRY WHITE,"

defendant herein, did knowingly and intentionally distribute a quantity of a mixture and

substance containing a detectable amount of cocaine, a Schedule II narcotic controlled

substance;

All in violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT TEN

On or about June 4, 2004, in the Northern District of Indiana,

**ARTHIA LAMONT TANNER, aka "LEE BABY," "LEE," "BABY,"
"BARRY WHITE,"**

defendant herein, did knowingly and intentionally distribute a quantity of a mixture and

substance containing a detectable amount of cocaine, a Schedule II narcotic controlled

substance;

All in violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT ELEVEN

On or about April 28, 2004, in the Northern District of Indiana,

ARTHIA LAMONT TANNER, aka "LEE BABY," "LEE," "BABY,"
"BARRY WHITE,"

defendant herein, did knowingly and intentionally distribute a quantity of a mixture and

substance containing a detectable amount of cocaine, a Schedule II narcotic controlled

substance;

All in violation of Title 21, United States Code, Section 841(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT TWELVE

On or about December 4, 2003, in the Northern District of Indiana,

### LENELL SHEARRY, aka "NELL,"

defendant herein, did knowingly and intentionally distribute 5 grams or more of a quantity

of a mixture and substance containing a detectable amount of cocaine base, commonly

known as "crack," a Schedule II narcotic controlled substance;

All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18,

United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT THIRTEEN

From at least January 2004, the exact date being unknown to the Grand Jury, and continuing into at least October 2004, both dates being approximate and inclusive, in the Northern District of Indiana,

LETRIAL THOMAS, aka "TREY DUECE," "TREY DUKE,"

defendant herein, did knowingly and intentionally use and maintain a place at 4553 Pennsylvania, Gary, Indiana, for the purpose of manufacturing, distributing, and using cocaine base, commonly known as "crack," a Schedule II narcotic controlled substance, and marijuana, a Schedule I controlled substance;

All in violation of Title 21, United States Code, Section 856(a)(1).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT FOURTEEN

On or about September 22, 2004, in the Northern District of Indiana,

LARRY SCOTT, aka "SCOTTY," SCOTTY G," "BLACK,"

defendant herein, having been convicted on or about June 26, 2003, of Resisting Law

Enforcement, a crime punishable for a term of imprisonment exceeding one (1) year, in

the Lake County, Indiana, Superior Court, Case Number 45G02-9904-CF-00070, did

knowingly possess in and affecting commerce ammunition and a firearm, to wit: a .40

caliber Beretta semi-automatic handgun, bearing serial number BER015501, loaded with

twelve rounds of ammunition;

All in violation of Title 18, United States Code, Section 922(g)(1).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT FIFTEEN

On or about July 24, 2004, in the Northern District of Indiana,

LENELL SHEARRY, aka "NELL,"

defendant herein, having been convicted on or about April 24, 1994, of Dealing in

Cocaine, a crime punishable for a term of imprisonment exceeding one (1) year, in the

Allen County, Indiana, Superior Court, Case Number 02D04-9306-CF-403(A), did

knowingly possess in and affecting commerce ammunition and a firearm, to wit: a .38

caliber Smith and Wesson revolver, model 64-3, bearing serial number 88394, loaded

with six rounds of ammunition;

All in violation of Title 18, United States Code, Section 922(g)(1).

**THE GRAND JURY FURTHER CHARGES:**

## COUNT SIXTEEN

On or about March 14, 2004, at approximately 4:43 p.m., in the Northern District of Indiana,

LEON WALKER, JR., aka "JODI;" and
ARTHIA LAMONT TANNER, aka "LEE BABY," "LEE," "BABY,"
"BARRY WHITE;"

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, to facilitate the commission of a felony violation of Title 21, United States Codes, Section 846, namely conspiracy to possess with intent to distribute and distribute controlled substances as charged in Count Two of this Superceding Indictment;

All in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT SEVENTEEN

On or about February 4, 2004, at approximately 2:07 p.m., in the Northern District of Indiana,

LETRIAL THOMAS, aka "TREY DUECE," "TREY DUKE,"

defendant herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, to facilitate the commission of a felony violation of Title 21, United States Codes, Section 846, namely conspiracy to possess with intent to distribute and distribute controlled substances as charged in Count Two of this Superceding Indictment;

All in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT EIGHTEEN

On or about March 24, 2004, at approximately 2:49 p.m., in the Northern District of Indiana and elsewhere,

LASHAWN TANNER, aka "BEES," "FATS;" and
HENRIETTA ROLLINS, aka "HANKY;"

defendants herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, to facilitate the commission of a felony violation of Title 21, United States Codes, Section 846, namely conspiracy to possess with intent to distribute and distribute controlled substances as charged in Count Two of this Superceding Indictment;

All in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT NINETEEN

On or about April 2, 2004, at approximately 9:32 a.m., in the Northern District of Indiana and elsewhere,

LASHAWN TANNER, aka "BEES," "FATS,"

defendant herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, to facilitate the commission of a felony violation of Title 21, United States Codes, Section 846, namely conspiracy to possess with intent to distribute and distribute controlled substances as charged in Count Two of this Superceding Indictment;

All in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT TWENTY

On or about April 2, 2004, at approximately 9:39 a.m., in the Northern District of Indiana and elsewhere,

**LASHAWN TANNER, aka "BEES," "FATS,"**

defendant herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, to facilitate the commission of a felony violation of Title 21, United States Codes, Section 846, namely conspiracy to possess with intent to distribute and distribute controlled substances as charged in Count Two of this Superceding Indictment;

All in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT TWENTY ONE

On or about April 2, 2004, at approximately 1:03 p.m., in the Northern District of Indiana and elsewhere,

**LASHAWN TANNER, aka "BEES," "FATS,"**

defendant herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, to facilitate the commission of a felony violation of Title 21, United States Codes, Section 846, namely conspiracy to possess with intent to distribute and distribute controlled substances as charged in Count Two of this Superceding Indictment;

All in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**

## COUNT TWENTY TWO

On or about April 2, 2004, at approximately 1:43 p.m., in the Northern District of Indiana and elsewhere,

LASHAWN TANNER, aka "BEES," "FATS,"

defendant herein, knowingly and intentionally used and caused to be used a communication facility, namely a telephone, to facilitate the commission of a felony violation of Title 21, United States Codes, Section 846, namely conspiracy to possess with intent to distribute and distribute controlled substances as charged in Count Two of this Superceding Indictment;

All in violation of Title 21, United States Code, Section 843(b), and Title 18, United States Code, Section 2.

# **FORFEITURE ALLEGATIONS**

1. The allegations of Counts One through Twenty Two of the Superceding Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America pursuant to the provisions of Title 18, United States Code, Section 924(d) and Title 21, United States Code, Section 853.

2. Upon conviction of the firearm offense alleged in Count Fourteen of the Indictment, LARRY SCOTT shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 924(d), any and all firearms and ammunition involved in the commission of the offense, including by not limited to:

    A.    One .40 caliber Beretta semi-automatic handgun, bearing serial number BER015501, and

    B.    Twelve rounds of ammunition.

3. Upon conviction of the firearm offense alleged in Count Fifteen of the Indictment, LENELL SHEARRY shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 924(d), any and all firearms and ammunition involved in the commission of the offense, including by not limited to:

    A.    One .38 caliber Smith and Wesson revolver, model 64-3, bearing serial number 88394, and

    B.    Six rounds of ammunition.

4. Upon conviction of one or more of the controlled substances offenses alleged in Counts One through Twenty Two of the Superceding Indictment, the defendants shall forfeit to the United States of America pursuant to Title 21, United States Code, Section 853, (1) any and all property constituting, or derived from, any proceeds obtained directly or indirectly, as a result of such offenses; and (2) any and all property used, or intended to be used, in any manner or part to commit or to facilitate the commission of such offenses, including but not limited to:

A. personal property, including but not limited to:

i Jewelry seized from CHARLES TANNER on or about September 1, 2004,

ii. One maroon Mercedes Benz vehicle, bearing Vehicle Identification Number ("VIN") WBDRF64J01F048400, registered to LASHAWN TANNER,

iii. One Chevrolet Impala vehicle, bearing VIN 1G1BL52P7SR152873, registered to ARTHIA LAMONT TANNER,

iv. One Kawasaki motorcycle, bearing VIN JKAZX9A13YA007040, registered to ARTHIA LAMONT TANNER,

v.      One Chevrolet Corvette, bearing VIN 1G1YY32G715106305, registered to Shawnda Brewer, and

vi.      One Lincoln Navigator, bearing VIN 5LMFU28L5WLJ00961, registered to Brandon Roy.

B.      cash proceeds or property used to facilitate the offense or offenses, including but not limited to:

i.      $2405 seized from 4242 Jefferson, Gary, Indiana, on or about February 7, 2002,

ii.      $486.80 seized from 4237 Jackson, Gary, Indiana, on or about March 31, 2004,

iii.      $100 seized from CHARLES TANNER on or about September 1, 2004,

iv.      $1550 seized from 2127 West 8th Avenue, Gary, Indiana, on or about April 5, 2004, and

v.      $973.11 seized from ERBEY SOLIS, JR., and 8841 Schneider Avenue, Apartment 67, Highland, Indiana, on or about August 31, 2004.

C.   firearms and ammunition, including but not limited to:

   i.    Eleven firearms seized from 8841 Schneider Avenue, Apartment 67, Highland, Indiana, on or about August 31, 2004,

   ii.   One firearm seized from a Chevorlet Tahoe on or about August 31, 2004,

   iii.  One firearm seized from 7762 Chestnut, Hammond, Indiana, on or about April 4, 2004,

   iv.   Two firearms seized from 4237 Jackson Street, Gary, Indiana, on or about March 31, 2004;

   v.    Fifteen firearms seized from 2127 West Eight Avenue, Gary, Indiana, on or about April 5, 2004,

   vi.   One firearm seized from 4245 Jackson Street, Gary, Indiana, on or about October 17, 2003,

   vii.  One firearm seized from 4237 Jackson Street, Gary, Indiana, on or about October 17, 2003,

   viii. One firearm seized from 4261 Jackson Street, Gary, Indiana, on or about September 5, 2003,

   ix.   Eight firearms seized from 4242 Jefferson Street, Gary, Indiana, on or about February 7, 2002, and

x.     Seventeen firearms seized from 2107 West 8th Avenue, Gary, Indiana, on or about December 31, 1999.

5.    If any of the forfeitable property described in paragraph 4 above, as a result of any act or omission of a defendant --

(1)    cannot be located upon the exercise of due diligence;

(2)    has been transferred or sold to, or deposited with, a third person;

(3)    has been placed beyond the jurisdiction of the Court;

(4)    has been substantially diminished in value; or

(5)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above-described forfeitable property.

All in violation of Title 18, United States Code, Sections 922(g) and 924(d) and Title 21, United States Code, Sections 841(a)(1), 846, and 853.

## SENTENCING ALLEGATIONS

1.      With respect to Count One of the Superceding Indictment, it is alleged that the drug quantity for which the defendants are responsible is 50 kilograms or more of cocaine.

2.      With respect to Counts Two through Twenty Two of the Superceding Indictment, it is alleged that the drug quantity for which the defendants are responsible is 150 kilograms or more of cocaine and 1.5 kilograms or more of cocaine base.

3.      With respect to Counts Two through Twenty Two of the Superceding Indictment, it is alleged that a dangerous weapon (including a firearm) was possessed.

4.      With respect to Counts Two through Twenty Two of the Superceding Indictment, it is alleged that CHARLES TANNER, LASHAWN TANNER, and ARTHIA LAMONT TANNER are leaders and organizers of a criminal activity that involved five or more participants and was otherwise extensive.

5.      With respect to Counts Two through Twenty Two of the Superceding Indictment, it is alleged that CHARLES TANNER, LASHAWN TANNER, and ARTHIA LAMONT TANNER are managers and supervisors of a criminal activity that involved five or more participants and was otherwise extensive.

6.      With respect to Count Three of the Superceding Indictment, it is alleged that the drug quantity that CHARLES TANNER attempted to possess with intent to distribute on September 1, 2004, is approximately 15 kilograms of cocaine.

7.      With respect to Count Four of the Superceding Indictment, it is alleged that the drug quantity distributed on August 31, 2004, is approximately 3 kilograms of cocaine.

8.      With respect to Count Five of the Superceding Indictment, it is alleged that the drug quantity distributed on March 26, 2004, is approximately .32 grams of cocaine base.

9.      With respect to Count Six of the Superceding Indictment, it is alleged that the drug quantity distributed on November 19, 2003, is approximately 2.9 grams of cocaine base.

10.     With respect to Count Seven of the Superceding Indictment, it is alleged that the drug quantity distributed on June 1, 2004, is approximately 127.3 grams of cocaine base.

11.     With respect to Count Eight of the Superceding Indictment, it is alleged that the drug quantity distributed on July 27, 2004, is approximately 499.4 grams of cocaine.

12.     With respect to Count Nine of the Superceding Indictment, it is alleged that the drug quantity distributed on June 24, 2004, is approximately 250.1 grams of cocaine.

13.     With respect to Count Ten of the Superceding Indictment, it is alleged that the drug quantity distributed on June 4, 2004, is approximately 250.1 grams of cocaine.

14. With respect to Count Eleven of the Superceding Indictment, it is alleged that the drug quantity distributed on April 28, 2004, is approximately 125.2 grams of cocaine.

15. With respect to Count Twelve of the Superceding Indictment, it is alleged that the drug quantity distributed on December 4, 2003, is approximately 27.1 grams of cocaine base.

16. With respect to Count Thirteen of the Superceding Indictment, it is alleged that the drug quantity for which the defendant is responsible is 1.5 kilograms or more of cocaine base.

17. With respect to Count Fourteen of the Superceding Indictment, it is alleged that the firearm was stolen.

A TRUE BILL:

_Julie Woodburn_
FOREPERSON

JOSEPH S. VAN BOKKELEN
UNITED STATES ATTORNEY

By: _____
Thomas L. Kirsch II
Assistant United States Attorney