# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:04-CR-80 |
| | ) | |
| CHARLES TANNER, | ) | |
| | ) | |
| Defendant. | ) | |

## **OPINION AND ORDER**

This matter is before the Court on the Motion for Reconsideration filed by Charles Tanner on August 15, 2014. For the reasons set forth below, the motion is **DENIED** for lack of jurisdiction. Additionally, Tanner's request for a certificate of appealability is **DENIED**.

On May 27, 2014, Tanner filed a motion pursuant to 28 U.S.C. § 2255(f)(3), citing *Alleyne v. United States*, 133 S.Ct. 2151 (2013). Tanner asked that he be resentenced pursuant to *Alleyne*, based only on facts found by the jury. Tanner asked this Court to rule that *Alleyne* should be made retroactive on collateral review, or in the alternative, that this Court transfer the case to the Seventh Circuit Court of Appeals to decide that issue. On August 6, 2014, this Court issued a very brief order advising Tanner that his submission was a successive motion pursuant to § 2255, that he was obligated to obtain permission from the Seventh Circuit Court of Appeals prior to filing any § 2255 motion in this Court, and in

the absence of leave from the Seventh Circuit Court of Appeals, this Court lacked subject matter jurisdiction to entertain his motion. (DE 922).

The instant motion purports to be brought pursuant to Federal Rule of Civil Procedure 59(e). In it, Tanner argues that he is excused from obtaining permission from the Seventh Circuit Court of Appeals to file his subsequent § 2255 because the rule itself allows Tanner's motion. Tanner is referencing 28 U.S.C. § 2255(f)(3), which provides in relevant part that:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review...

Tanner's argument fails for at least two reasons. First, *Alleyne* has not been made retroactively applicable on collateral review, and this Court cannot rule that *Alleyne* is retroactive. The Seventh Circuit noted in *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013), a case denying an application for leave to file a successive collateral attack, that the Supreme Court in *Alleyne* "did not declare that its new rule applies retroactively on collateral attack." *Id.* Furthermore, with regard to successive motions under § 2255, the only Court that can rule that *Alleyne* is

retroactive is the Supreme Court:

> *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Justices have decided that other rules based on *Apprendi* do not apply retroactively on collateral review. See *Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). This implies that the Court will not declare *Alleyne* to be retroactive. See also *Curtis v. United States*, 294 F.3d 841 (7th Cir. 2002) (*Apprendi* itself is not retroactive). But the decision is the Supreme Court's, not ours, to make. Unless the Justices themselves decide that *Alleyne* applies retroactively on collateral review, we cannot authorize a successive collateral attack based on § 2255(h)(2) or the equivalent rule for state prisoners, 28 U.S.C. § 2244(b)(2)(A).

*Id.* Tanner relies on *Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001), for the proposition that the district court can make an initial determination regarding the retroactivity of a new rule of constitutional law. This reliance is misplaced. The Seventh Circuit in *Ashley* made a clear distinction between initial petitions and second petitions. *Id.* at 673. The Court held that a district court could make the determination regarding retroactivity when faced with an initial collateral attack but could not do so with a successive collateral attack. *Id.*; see also *United States v. Levine*, 188 F.Supp.2d 1089 (N.D. Ind. 2002)("Defendant's motion to correct his sentence is not an initial collateral attack and determining whether a right is retroactively applicable on a successive collateral attack is still within the province of the Supreme Court.").

Secondly, even if *Alleyne* were made retroactive, Tanner has already utilized his one opportunity to file a motion pursuant to § 2255 without leave of the Seventh Circuit Court of Appeals. Following a direct appeal, a defendant generally has one opportunity to challenge his conviction and sentence. *Suggs v. United States*, 705 F.3d 279, 281-82 (7th Cir. 2013); 28 U.S.C. § 2255(a), (h). Should a defendant wish to file a second or successive section 2255 motion challenging that same conviction or sentence, he must first gain authorization to do so from the court of appeals; otherwise, the district court does not have jurisdiction to consider the motion. *Suggs*, 705 F.3d at 282; 28 U.S.C. §§ 2244(a)-(b), 2255(h). In general, only those successive motions which challenge the underlying conviction and present newly discovered evidence of defendant's innocence or rely on a new retroactive constitutional law will be certified by the court of appeals for district court review. *Suggs*, 705 F.3d at 282-83; 28 U.S.C. § 2255(h). "No matter how powerful a petitioner's showing, only [the Seventh Circuit Court of Appeals] may authorize the commencement of a second or successive petition." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). As the *Nunez* Court explained:

> From the district court's perspective, it is an allocation of subject-matter jurisdiction to the court of appeals. A district court must dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has

> given approval for its filing. . . . A second or successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals.

*Nunez*, 96 F.3d at 991.

Even within one year of a newly recognized right made retroactive by the Supreme Court, Tanner would need leave to file a subsequent § 2255 motion. Nothing in 28 U.S.C. § 2255(f) allows a petitioner to avoid the requirement found in § 2255(h) that second or successive motions must only be brought after obtaining leave from the Seventh Circuit Court of Appeals. Contrary to Tanner's suggestion, the Seventh Circuit Court of Appeals did not hold otherwise in *Williams v. United States*, No. 13-2530, 2013 WL 8020940 at *2 (7th Cir. Dec. 13, 2013). In *Williams*, the court determined that a collateral attack that the district court had designated as successive was not actually successive because Williams had been resentenced; therefore, as to the new sentence, his collateral attack was not successive. *Id.* Tanner has not been resentenced since he filed his prior collateral attack so he cannot take advantage of another opportunity to file a collateral attack without leave of the Seventh Circuit Court of Appeals.

Tanner also cites to *Dodd v. United States*, 545 U.S. 353 (2005), to support his claim that he need not obtain permission from the Seventh Circuit Court of Appeals prior to filing his motion pursuant to § 2255. However, the Court in *Dodd* held that the one-year limitations period begins to run from the date the

-5-

Court "initially recognizes" a right. *Id.* at 357. In so holding, the Court recognized that its holding would lead to harsh results in some cases where a petitioner was bringing a second or successive § 2255 motion. *Id.* at 359-60. ("... an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which this Court announces a new rule of constitutional law and makes it retroactive within one year."). *Dodd* does not, as Tanner suggests, indicate that a petitioner can bring a successive collateral attack without obtaining permission from the appellate court.

Although this explanation is much lengthier than that given to Tanner in this Court's August 6, 2014, order, the result is the same. Tanner is obligated to obtain permission to file any successive collateral attack from the Seventh Circuit Court of Appeals. He has not obtained the required permission. As a result, Tanner cannot bring a subsequent collateral attack under any title, including a "Motion for Reconsideration" or a Rule 59(e) motion, in this Court. Therefore, the instant motion is **DENIED.**

A certificate of appealability may only issue if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because this motion and Tanner's prior successive motion pursuant to 28 U.S.C. § 2255(f)(3) were both unauthorized successive collateral attacks,

Tanner cannot satisfy the criteria for a certificate of appealability. See *Sveum v. Smith*, 403 F.3d 447 (7th Cir. 2005). Accordingly, his request for a certificate of appealability is **DENIED.**

**DATED: October 3, 2014**        /s/ RUDY LOZANO, Judge
                                  **United States District Court**